# IN THE COURT OF APPEALS OF IOWA

No. 24-0585
Filed June 19, 2024

**IN THE INTEREST OF M.W., L.W., and M.W.,**
 **Minor Children,**

**E.W., Father,**
 Appellant.

_____

Appeal from the Iowa District Court for Dubuque County, Thomas J. Straka,

Judge.

A father appeals the termination of his parental rights. **AFFIRMED.**

MaryBeth A. Fleming, Dubuque, for appellant father.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney

General, for appellee State.

Gina L. Kramer, Dubuque, attorney and guardian ad litem for minor children.

Considered by Tabor, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

A father appeals the termination of his parental rights. We determine that the district court did not abuse its discretion in denying the father's request for a continuance of the termination hearing. We also conclude the court properly denied the father's request for a six-month extension of time. Accordingly, we affirm the termination of the father's parental rights.

## I. Background Facts & Proceedings

E.W. is the father of Me.W., born in 2018; L.W., born in 2020; and Mo.W., born in 2021. The children's mother died in July 2022. In 2022, allegations arose that the father had sexually abused one of the mother's children from a previous relationship, age seven at the time of the alleged abuse.[1] The Iowa Department of Health and Human Services (HHS) issued a founded report of sexual abuse, naming the father as the perpetrator of the sexual abuse. Under a safety plan in October 2022, the children were placed with a family friend, along with their three older half-siblings, allowing the sibling strip of six to remain together.[2] The father was charged with second-degree sexual abuse and lascivious acts with a child in January 2023.

The father agreed with adjudication of the children as children in need of assistance (CINA), stipulating to the grounds alleged in the petition, which included Iowa Code section 232.96A(3)(b), (4), and (14) (2022). Adjudication under Iowa

---

[1] The mother had three older children from a previous relationship. These children lived in the family home with the mother and E.W.

[2] The children were formally removed from the father's custody in March 2023. The family friend taking care of the children became a licensed foster parent. She also became the guardian of the mother's three older children.

Code section 232.96A(4) requires a finding by the court that the child has been or is imminently likely to be sexually abused by the child's parent, guardian, custodian, or other member of the household in which the child resides.

The father was not involved in the children's medical care, schooling, or daycare. The father did not have any contact with the children from October 2022 until January 2023 based on his lack of engagement in services. In January, he began to participate in visitation with the children for two-hour visits twice each week. At times, the father was inconsistent in attending visitation because of health, transportation, and weather. From June to September, the father was offered twenty-six visits but only attended five.

In September, the parties agreed to a revised visitation schedule. The father began having visitation with Me.W. once a week for two hours and then visitation with L.W. and Mo.W. together for two hours. The father had problems supervising all three children at one time. Me.W. had some behavioral problems associated with visits, but this improved once he had separate visits. Under the revised schedule, the father saw each child for two hours a week, instead of four hours, as had been the case under the previous schedule.

On February 20, 2024, the State petitioned for termination of the father's parental rights. The father filed a motion for a continuance, stating that his criminal trial was set for April 23. He asserted that if he was acquitted in the criminal trial, the children could be returned to him. He asked to have the termination hearing continued until after his criminal trial. The court denied the request for a continuance, stating, "even assuming for arguments sake, if his trial did occur and even assuming he is acquitted, the Court disagrees with father's assessment that

the children could be immediately returned to his care." The court also found the "father would need an extended period of time after the trial (assuming he is acquitted) to demonstrate that he is able to obtain appropriate housing and meet the needs of all children. Such an extended delay is not in the best interest of the children."

The termination hearing was held on March 19. The father renewed his request for a continuance, which was again denied by the court. The HHS social worker testified it would be very difficult for the father to take care of the children on his own when he could not take care of them for four hours a week with supervision. She also noted that even if the father were acquitted of the criminal charges, there was still a founded report of sexual abuse concerning the children's half-sibling. The family support specialist stated that although the children love to see their father, when it came to behavior, it was hard for him to manage all three children at the same time. Along with the continuance request, the father requested an extension of time to work on reunification with the children.

The district court ordered the termination of the father's parental rights under Iowa Code section 232.116(1)(f) (2024) for Me.W. and section 232.116(1)(h) for L.W. and Mo.W. The court found there was clear and convincing evidence the children could not be safely returned to the father, noting he was living in a hotel, which he admitted was not appropriate for the children. The court determined termination of the father's parental rights was in the best interests of the children. The court also found that an extension of time was unwarranted, as the court was "unable to determine that the need for removal of the children will no longer exist if a 6-month extension is granted." The court stated that even if the father were

acquitted in the criminal trial, "there is still much that will be needed by [the father] before the children could be returned to his care." The court noted the father was unable to appropriately care for all three children at one time, as he could not do so for four hours a week even while supervised. The father appeals the termination of his parental rights.

## II. Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* Our primary concern is the best interests of the child. *In re J.S.,* 846 N.W.2d 36, 40 (Iowa 2014).

## III. Continuance

The father does not challenge the statutory grounds for termination or the finding that termination is in the children's best interests. He claims the district court abused its discretion by denying his request for a continuance. He points out that the termination hearing was held on March 19, 2024, and his criminal trial was scheduled for April 23. He argues that the district court should have delayed the termination hearing until after his criminal trial because he might be acquitted of the charges. He asserts that if he was acquitted, he would be prepared to resume care of the children immediately.

We review a district court's ruling on a motion to continue for an abuse of discretion. *In re R.B.*, 832 N.W.2d 375, 378 (Iowa Ct. App. 2013). "A motion for

continuance shall not be granted except for good cause." Iowa Ct. R. 8.5. "[T]he delay that accompanies . . . continuances may be detrimental to the best interests of children." *In re M.D.*, 921 N.W.2d 229, 233 (Iowa 2018). "The focus of child welfare . . . is now on permanency, and continuances of court hearings to accommodate parents might offend this goal." *In re A.H.*, 950 N.W.2d 27, 38 (Iowa Ct. App. 2020) (alteration in original) (quoting *M.D.*, 921 N.W.2d at 233).

A similar factual situation occurred in *R.B.*, where a father challenged the district court's denial of his motion for a continuance while he had pending criminal charges, asserting that the termination proceedings impinged on his Fifth Amendment right against self-incrimination. *See* 832 N.W.2d at 377. The father did not answer any questions at the termination hearing. *Id.* We found, "the State did not violate the father's Fifth Amendment right against self-incrimination and, accordingly, the juvenile court appropriately denied the motion to continue to the extent it was premised on this ground." *Id.* at 379. We likewise find that the father's pending criminal charges was not a sufficient reason to grant a request for a continuance.

By the termination hearing, the children had been formally removed from the father's custody for over a year. The children were ages five, three, and two years old. In the interim, the father waived his right to a speedy trial, and he also waived his right to have his case brought to trial within one year. The district court found that delaying permanency would be detrimental to the children. The court also disagreed with the father's argument that if the termination hearing was delayed until after his criminal trial and he was acquitted of the charges, the children could be immediately returned to the father. The father could not care for

all three children at one time. The visits were split so the father had visitation with Me.W. separately from his visitation with L.W. and Mo.W. And his visitation remained fully supervised. Additionally, the father would need to obtain adequate housing. At the time of the termination hearing, the father was living in a hotel, which he admitted would not be adequate housing for the children. We conclude the court did not abuse its discretion in denying the father's request for a continuance.

### IV.     Extension of Time

The father contends the district court should have granted his request for a six-month extension of time. He asserts that within six months he might be acquitted of the criminal charges and have adequate housing for the children.

"A six-month extension of time may be granted under sections 232.104(2)(b) and 232.117(5) if parental rights are not terminated following a termination hearing." *In re A.O.*, No. 23-2091, 2024 WL 1296708, at *4 (Iowa Ct. App. Mar. 27, 2024) (citing *In re D.P.*, No. 21-0884, 2021 WL 3891722, at *2 (Iowa Ct. App. Sept. 1, 2021)). If the court "determin[es] that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period," the court may grant an extension of time. *In re A.A.G.,* 708 N.W.2d 85, 92 (Iowa Ct. App. 2005) (quoting Iowa Code § 232.104(2)(b)). "The judge considering [the extension] should however constantly bear in mind that, if the plan fails, all extended time must be subtracted from an already shortened life for the children in a better home." *Id.* (citation omitted). "And to grant an additional six months, the court must identify 'specific factors, conditions, or expected behavioral changes' that provide a basis for determining

'that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period.'" *A.O.*, 2024 WL 1296708, at *4 (quoting *In re S.H.-M.*, No. 23-1706, 2023 WL 8806153, at *4 (Iowa Ct. App. Dec. 20, 2023)).

The court considered the father's request for an extension of time and found, "The Court is unable to determine that the need for removal of the children will no longer exist if a 6-month extension is granted." The court noted that even if the father were acquitted of the criminal charges "there is still much that will be needed by [the father] before the children could be returned to his care." The father struggled to care for all three children during two two-hour supervised visits each week. If the father cannot care for the three children for four hours each week in a supervised setting, it is unlikely he would be able to care for them if they were returned to the father on a full-time basis.

We agree that the record does not show it is likely "that the need for removal of the child[ren] from the child[ren]'s home will no longer exist at the end of the additional six-month period." *See A.A.G.,* 708 N.W.2d at 92. We, like the district court, are unable to identify specific factors, conditions, or expected behavioral changes' that provide a basis for determining that the need for removal of the children from the children's home will no longer exist at the end of the additional six-month period. *See A.O.*, 2024 WL 1296708, at *4. We conclude the court properly denied the father's request for an extension of time.

We affirm the termination of the father's parental rights.

**AFFIRMED.**